# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IVAN A. CANTU, | ) |
| | ) CIVIL ACTION NO. |
| Petitioner, | ) |
| | ) 2:06-CV-166 |
| v. | ) |
| | ) |
| NATHANIEL QUARTERMAN, | ) |
| DIRECTOR, TEXAS | ) |
| DEPARTMENT OF CRIMINAL | ) |
| JUSTICE, INSTITUTIONAL | ) |
| DIVISION, | ) |
| | ) |
| Respondent. | ) |

## COUNSEL'S RESPONSE TO DEFENDANT'S *PRO SE EX PARTE* NOTICE

The Court has provided counsel for Petitioner, Ivan Cantu, with a copy of a pleading that Mr. Cantu has sent to the Court entitled *Ex Parte* Notice and requested a response. In his pleading, Mr. Cantu requests that undersigned counsel be "released" from representing him and that new counsel be appointed. Mr. Cantu generally alleges that he has been "given no assistance by our [sic] Council [sic]."

Counsel, of course, disputes Mr. Cantu's allegations that they have given Mr. Cantu "no assistance." The Court is aware that, given the restrictions of the AEDPA, federal habeas counsel is limited in the claims that can be raised in a 28 U.S.C. § 2254 proceeding. Likewise, Mr. Cantu was not satisfied with the investigator that Counsel requested the Court to appoint in order to assist them in

the investigation in this case and, instead, chose to retain his own investigator. This action has undermined Counsel's representation of Mr. Cantu.

Nevertheless, Counsel believe that Mr. Cantu's request should be *granted*. First, given that this is a death penalty case and that, for all intents and purposes, this is Mr. Cantu's last round of litigation, Mr. Cantu should be given a chance to be represented by counsel in which he has complete confidence. Regrettably, there has been a breakdown in the relationship between undersigned counsel and Mr. Cantu. In addition, Counsel are concerned that, because of this breakdown in the attorney-client relationship, Mr. Cantu has taken to revealing privileged conversations and that such actions could further jeopardize his position. It is hoped that by appointing counsel in which Mr. Cantu has full confidence, Mr. Cantu's perceived need to reveal privileged matters might be obviated.

Respectfully submitted,

 /s/ F. Clinton Broden
F. Clinton Broden
Tx. Bar 24001495
Broden & Mickelsen
2707 Hibernia
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)

 /s/ Adam D. Mitzner
Adam D. Mitzner
Pavia & Harcourt, LLP
600 Madison Avenue
New York, New York 10022
212-980-3500
212-980-3185 (facsimile)

Attorneys for Applicant
Ivan A. Cantu

# CERTIFICATE OF SERVICE

I, F. Clinton Broden, do hereby certify that on July 8, 2008 I caused a copy of the foregoing document to be served electronically on Thomas M. Jones, Texas Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711 and by first-class mail, postage prepaid on Ivan A. Cantu, #999399, Polunsky Unit, 3872 FM 350 South, Livingston, Texas 77351

/s/ F. Clinton Broden
F. Clinton Broden