UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IVAN ABNER CANTU, | § | CIVIL ACTION |
| | § | |
| Petitioner, | § | No. 2:06CV166 |
| | § | |
| v. | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MOTION TO STAY PETITION AND HOLD IN ABEYANCE
## PENDING STATE COURT EXHAUSTION

The Petitioner, Ivan Abner Cantu, through court-appointed counsel, files this Motion to Stay Petition and Hold in Abeyance Pending State Court Exhaustion..

On January 17, 2007, Mr. Cantu, through previous court-appointed counsel, filed in this Court his petition for writ of habeas corpus and original memorandum of law in support of that petition. DE[1] 9, 10. In that petition and memorandum, Mr. Cantu argued, inter alia, that his trial attorneys had rendered ineffective assistance by failing to investigate his actual innocence. *See* DE 10 at 38. This claim is not procedurally defaulted, as the Director urges, because a state court remedy remains available. Therefore, the Court should stay and abate these proceedings to allow Mr. Cantu to raise the claim in state court.

---

[1] "DE" refers to the numbered Docket Entries in the instant lawsuit, followed by citation to page numbers, if applicable.

The Director urges that this claim is procedurally defaulted because Mr. Cantu failed to raise the claim in state court and would be unable to do so now.[2] DE 12 at 29. Mr. Cantu concedes that his state habeas counsel did not raise this claim in his state habeas corpus application, the first opportunity he would have had to raise such a claim. But, contrary to the Director's averments, a state court remedy remains. Therefore, while the claim is unexhausted and, pursuant to interests of comity and federalism that govern federal habeas corpus actions, must be passed upon first by the state courts, the claim is not procedurally defaulted. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

The federal habeas corpus statute bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971). But because "[t]his requirement . . . refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125, n.28 (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In that case, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). *See also Coleman v. Thompson*, 501 U.S. 722, 744-751 (1991). It is on this basis that the Director urges procedural default.

However, "[i]f it appears that the petitioner still may have a right under state law to obtain relief, the federal court will either abate or dismiss the application in order to allow the applicant

---

[2] Likely anticipating the Director's argument, previous counsel urged in his original memorandum that the procedural default of this claim be excused based upon the deficient performance of state habeas counsel, conceding, however, that Fifth Circuit precedent does not support the argument. DE 10 at 38, n.7.

to present his unexhausted claims in a successive petition to that court." *King v. Dretke*, No. 1:01CV435, 2006 WL 887488, at *6 (E.D.Tex. Mar. 29, 2006) (unpublished order) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Here, Mr. Cantu has the right, under state law, to raise his claim that trial counsel rendered ineffective assistance by failing to investigate and present evidence of his innocence at trial. Specifically, this claim falls within an exception to Texas' statutory prohibition on successive applications.

> If a subsequent applicant for writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains specific facts establishing that:
>
> \* \* \*
>
> (2) by a preponderance of the evidence, but for the violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. Proc. Ann. art. 11.071 §5(a)(2). Significantly, this provision does not require that the claim be based on newly discovered evidence or that the claim could not have been raised in the first application. *See* art. 11.071 §5(a) (containing three sections, each presented in disjunctive, only first of which requires previous unavailability of claim). Furthermore, any ambiguity regarding whether Mr. Cantu's claim falls within the ambit of the exception must be resolved in favor of stay and abeyance.

> In determining whether to stay a federal application and allow an applicant to return to state court[], the federal court does not decide whether the [claim] actually meets the state law standard; instead, it determines only whether it is entirely clear that the Texas courts would find that the [claim] does not meet that standard. Absent such clarity, the federal court must allow the state court to determine whether the [claim] meets the state law requirement.

*King v. Dretke*, 2006 WL 887488, at *9.  Therefore, unless it is entirely clear to this Court that the state court would not review the merits of Mr. Cantu's unexhausted claim, the claim cannot be dismissed as procedurally barred.

While this unexhausted claim cannot be dismissed with prejudice as procedurally defaulted, the AEDPA clearly precludes this Court from granting relief on an unexhausted claim. 28 U.S.C. § 2254(b)(1)(A).  On the other hand, in light of the AEDPA's one-year statute of limitations, it would be inappropriate to dismiss the petition "without prejudice" to permit exhaustion, which would result in Mr. Cantu's entire petition being time-barred upon return to federal court.  *Cf. Rose v. Lundy*, 455 U.S. at 522 (pre-AEDPA precedent directing federal courts to dismiss without prejudice petitions containing unexhausted claims to allow return to state court); *see Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (noting that dismissal without prejudice under *Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion").  Indeed, the Supreme Court has determined that the more appropriate course of action in such a case is for the district court to stay the federal petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims; once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.  *See Rhines v Weber*, 544 U.S. at 275-276.  Mr. Cantu asks that this Court do the same in his case – stay the petition and hold it in abeyance to permit him to file a successive habeas application in state court.

## CONCLUSION

For the foregoing reasons, petitioner Ivan Abner Cantu respectfully requests that the Court stay his pending federal habeas corpus petition and hold it in abeyance to permit him to file a successive state habeas corpus application raising his unexhausted claim of ineffective assistance of trial counsel at the guilt-innocence phase.

Respectfully submitted,

/s/
GENA BUNN
Attorney for Petitioner

**HOLMES & MOORE, P.L.L.C.**
P.O. Box 3267
Longview, Texas 75606
Telephone: (903) 758-2200
Fax No. (903) 758-7864

## CERTIFICATE OF SERVICE

On this 22nd day of December 2008, I do certify that a true and correct copy of the foregoing Motion to Stay Petition and Hold in Abeyance Pending State Court Exhaustion was sent via electronic filing to counsel for the Director, Assistant Attorney General Thomas Merrill Jones.

/s/
GENA BUNN