No. 11-70023

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

BILL DOUGLAS GATES,

Petitioner-Appellant,

v.

RICK THALER, DIRECTOR TDCJ-CID,

Respondent-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

APPELLANT'S PETITION FOR REHEARING EN BANC

ROBIN NORRIS
Attorney at Law
2408 Fir Street
El Paso, Texas 79925
(915) 329-4860

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| PETITIONER/APPELLANT | OPPOSING COUNSEL<br>(COUNSEL FOR RESPONDENT/APPELLEE) |
| Bill Douglas Gates<br>TDCJ No. 999376<br>Polunsky Unit<br>3872 FM 350 South<br>Livingston, Texas 77351 | Leslie K. Kuykendall<br>Assistant Attorney General<br>Post-Conviction Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548 |
| RESPONDENT/APPELLEE | |
| Rick Thaler<br>Director, TDCJ-CID | |

s/ Robin Norris
ROBIN NORRIS
Attorney for Petitioner/Appellant

# STATEMENT OF IMPORTANCE

(1)  The decision of the panel conflicts with the decision of the United States Supreme Court in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272, 2012 WL 912950 (2012).  Consideration by the full Court is, therefore, necessary to secure and maintain uniformity of the Court's decisions.  FED. R. APP. PROC. 35(b)(1)(A).

(2)  The decision of the panel involves a question of exceptional importance in that it involves an issue upon which the panel decision conflicts with this Court's application of *Martinez* in *Lindsey v. Cain*, 2012 WL 1366040 (5th Cir. April 19, 2012) (holding that *Martinez v. Ryan* applies to Louisiana); *Cantu v. Thaler,* 632 F.3d 147 (5th 2011) (after remand from the Supreme Court) (remanding case to district court for consideration of *Martinez v. Ryan* in the first instance); and *Will v. Thaler,* No. 12-70007 (5th Cir. June 28, 2012)( granting motion to stay and abey appeal and remanding case to the district court for consideration of the effect of *Martinez v. Ryan* on 60(b) motion)

(3)  The decision of the panel involves a question of exceptional importance in that it involves an issue upon which the panel decision conflicts with the authoritative decision of the Ninth United States Court of Appeals in *Sexton v. Cozner*, 679 F.3d 1150 (9th Cir. 2012).  FED. R. APP. PROC. 35(b)(1)(B).

(4)  The decision of the panel involves a question of exceptional importance in that it implicates forfeiture of numerous substantial claims that Texas death-row prisoners were deprived of rights guaranteed by the Constitution of the United States through the ineffectiveness of lawyers appointed by the state of Texas to represent them in post-conviction applications for writ of habeas corpus.  FED. R. APP. PROC. 35(b)(1)(B).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -v-

STATEMENT OF THE ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

COURSE OF PROCEEDINGS AND DISPOSITION. . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

CASES

*Bones v. State*, 77 S.W. 3d 828 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . 8

*Cantu v. Thaler,* 632 F.3d 147 (5th 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

*Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989). . . . . . . . . . . . . . . . . . 10

*Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . 6

*Ex parte Gates*, 2008 WL 3856718, No. WR-69637-01 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Ex parte Reynosa*, 257 S.W.3d 715 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . 3

*Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App.1997). . . . . . . . . . . . . . . . . 8, 9

*Ex parte Varelas*, 45 S.W.3d 627 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . 8

*Ex parte White*, 160 S.W.3d 46 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . 8

*Gates v. State*, No. 74,009 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gates v. Thaler*, 2011 WL 4370182, No. 4:09-CV-02702 (S.D.Tx. 2011). . . . . . . 2

*Gates v. Thaler*, 2012 WL 2305855, No. 11-70023 (5th Cir. 2012). . . . . . . . . . . . 2

*Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . 6

*Ibarra v. Thaler*, ___ F.3rd. ___, 2012 WL 2620520 (5th Cir. June 28, 2012). . 11, 12

*Jackson v. State,* 877 S.W.2d 768 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . . . 7

*Jackson v. State*, 973 S.W.2d 954 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . 7

*Lindsey v. Cain*, 2012 WL 1366040 (5th Cir. April 19, 2012). . . . . . . . . . . . . ii, 11

*Lopez v. State,* 343 S.W.3d 137 (Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . 7, 8

*Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). . . . ii, 4, 5, 11, 14

*Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . 6

*Mitchell v. State*, 68 S.W.3d 640 (Tex. Crim. App. 2002) .. . . . . . . . . . . . . . . . . 7

*Narvaiz v. State*, 840 S.W.2d 415 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . 11

*Robinson v. State*, 16 S.W.3d 808 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . 9

*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . 8

*Sexton v. Cozner*, 679 F.3d 1150 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . ii, 12

*State v. Robinson*, 550 P.2d 758 (Or. App.1976) .. . . . . . . . . . . . . . . . . . . . . . . 12

*Strickland v. Washington*, 466 U.S. 668 (1984). . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Thompson v. State,* 9 S.W.3d 808 (Tex. Crim App. 1999). . . . . . . . . . . . . . . . . 6, 7

*Turner v. Cupp*, 1 Or. App. 596, 465 P.2d 249 (1970). . . . . . . . . . . . . . . . . . . . . 12

*Wiggins v. Smith*, 529 U.S. 510 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Will v. Thaler,* No. 12-70007 (5th Cir. June 28, 2012). . . . . . . . . . . . . . . . . . . . . ii

STATUTES

28 U.S.C. § 2254. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. CODE CRIM. PROC. art. 11.071 § 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

RULES

FED. R. APP. PROC. 35(b)(1)(B).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, -iii-

FED. R. CIV. PROC. 60(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TEX. R. APP. PROC. 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MISCELLANEOUS

TASK FORCE REPORT, Apr. 27, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF THE ISSUE

Whether the fact that the Texas Court of Criminal Appeals may review a small category of ineffective assistance of counsel claims where all of the material facts are contained in the record on appeal defeats entirely the application of *Martinez v. Ryan*, . __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272, 2012 WL 912950 (2012), to the vast majority of Texas prisoners who cannot secure review in Texas of extra-record ineffective assistance claims except in habeas corpus proceedings.

## COURSE OF PROCEEDINGS AND DISPOSITION

Bill Douglas Gates was convicted of capital murder in the 262nd District Court of Harris County, Texas and sentenced to death on November 2, 2000. His conviction and sentence were affirmed by the Texas Court of Criminal Appeals (CCA) on September 18, 2002 in a unpublished opinion. *Gates v. State*, No. 74,009 (Tex. Crim. App. 2002). Based on factual findings and legal conclusions from the convicting court, the CCA also denied Gates's post-conviction application for writ of habeas corpus on August 20, 2008. *Ex parte Gates*, 2008 WL 3856718, No. WR-69637-01 (Tex. Crim. App. 2008). Gates then filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Texas under 28 U.S.C. § 2254. On May 31, 2011, the District Court denied relief and refused to issue

a certificate of appealability (COA). *Gates v. Thaler*, 2011 WL 4370182, No. 4:09-CV-02702 (S.D.Tx. 2011). Finally, a panel of this Court also denied Gates's application for COA on June 19, 2012. *Gates v. Thaler*, 2012 WL 2305855, No. 11-70023 (5th Cir. 2012).

## STATEMENT OF FACTS

The attorneys who represented Gates at his trial for capital murder made almost no investigation into his background, his mental health history and present condition, or other circumstances which might have been produced at his trial in support of a sentence less than death. In consequence, no witnesses were called, nor was evidence of any other kind offered, at the punishment phase of his trial. Had counsel bothered to collect Gates's school records, they would have discovered reason to believe that he was of diminished intelligence, and that he had a learning disability. Further inquiry of family members would have yielded reason to believe that his disabilities were related to a variety of developmental factors, including physical abuse, neglect, and, of greatest importance, heavy alcohol use by his mother during her pregnancy. *See* Federal Habeas Exhibits. Instead, they offered no evidence in mitigation of punishment whatsoever, and advanced before the jury no arguments to warrant a life sentence. It is virtually incontestable that their performance fell far below that

demanded in the defense of death penalty cases under professional norms prevailing in Houston, and everywhere else in this country, at the time. *Wiggins v. Smith*, 529 U.S. 510, 523 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984).

The lawyer appointed by the courts of Texas to investigate and prepare a post-conviction application for writ of habeas corpus in Gates's case did not look into the matter at all. Indeed, he entirely omitted to make any factual or legal investigation, simply copying verbatim the brief filed on direct appeal and renaming it an application for writ of habeas corpus. The CCA apparently took this document at its word, even though it is clear from settled jurisprudence of the court that the so-called application did not raise a single ground which is cognizable in a Texas post-conviction habeas corpus application. *Ex parte Reynosa*, 257 S.W.3d 715, 723 (Tex. Crim. App. 2008). Relief was denied on the ground that Gates's claims were all raised and rejected on direct appeal.

Undersigned counsel was appointed by the United States District Court to represent Gates in his federal habeas petition, and had no difficulty discovering the aforementioned school records, testimony of family members, and neuropsychological evidence of fetal-alcohol syndrome. Counsel filed a petition for habeas corpus in the district court complaining of several deficiencies in the performance of Gates's defense attorneys at trial on account of their not investigating

or discovering this evidence. Because such claims had not yet been exhausted in the courts of Texas, the district court agreed to hold further federal proceedings in abeyance so that counsel could present Gates's unexhausted claims to the appropriate state courts. But the CCA dismissed these claims as an unauthorized subsequent habeas application. Counsel advised the district court of this result, and Gates's federal habeas petition was reactivated. Soon after, the district court denied relief, holding that the CCA had decided Gates's federal constitutional complaints on an adequate and independent state ground which barred review on the merits by the federal courts.

Meanwhile, the Supreme Court of the United States granted certiorari in *Martinez v. Ryan*. In light of the CCA's decision to hold Gates's claims forfeited, counsel moved the district court in a rule 606(b) motion to reopen the case, and contemporaneously asked this Court to hold his recently filed application for certificate of appealability in abeyance pending decision of the Supreme Court in *Martinez*. Both requests were denied. But the panel did actually wait to decide Gates's application for COA until after the Supreme Court's decision in *Martinez*. Then, addressing his contention under the holding in *Martinez* that his procedural default in state court was caused by the ineffectiveness his state habeas counsel, the panel held simply that the rule of *Martinez* does not apply in collateral challenges to

Texas judgments because the CCA has, in the past, reached the merits of ineffective-counsel claims on direct appeal.

## ARGUMENT AND AUTHORITIES

The panel opinion evinces a fundamental misunderstanding of *Martinez* and of its implications for most federal habeas petitioners in Texas. The Supreme Court explained in *Martinez* that, when "the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial" is a collateral attack on the judgment, it takes on special significance. 132 S.Ct. at 1315. Such "initial-review collateral proceedings," are "in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." *Id.* at 1315, 1317. And, because ineffective assistance of direct appeal counsel may excuse procedural default, the Court reasoned that there is a similar risk state prisoners will forfeit claims of ineffective trial counsel unless effectively represented in initial-review collateral proceedings. *Id.* at 1317. *Martinez* resolved this problem by holding that "[i]nadequate counsel in initial review proceedings may establish cause for a prisoner's procedural default[.]" *Id.* as 1315. Such cause exists if the collateral proceeding was actually petitioner's first opportunity for state court review of his ineffective-counsel claim.

There can be no question but that the performance of Gates's state habeas

counsel was deficient. He did nothing whatsoever to discharge his responsibilities, even though very little effort would have been required to establish that his chance of avoiding a death sentence could have been materially improved had his trial lawyers invested even a modicum of effort in his punishment-phase defense. Under the Supreme Court's plain holding, therefore, the only question of significance is whether, as the panel held, *Martinez* is categorically inapplicable to collateral attacks on Texas judgments because, unlike in Arizona, a few ineffective-counsel claims are cognizable on direct appeal.

In Texas, as elsewhere, direct appeals are decided strictly on the record of trial. But, "[i]n the vast majority of cases, the undeveloped record on direct appeal will be insufficient . . . to satisfy the dual prongs of *Strickland* [*v. Washington*]," necessary to establish a claim of counsel ineffectiveness. *Thompson v. State,* 9 S.W.3d 808, 814 n.6 (Tex. Crim App. 1999). Accordingly, the CCA has long recognized that state habeas proceedings are more appropriate than direct appeals for reviewing ineffective-assistance claims. *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980), overruled on other grounds by *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). As the Court explained in *Menefield v. State*, "[t]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective . . . unless the challenged conduct was "so outrageous that

no competent attorney would have engaged in it. 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (footnotes, internal quotation marks, and citations omitted).

For this reason, the CCA has cautioned the lower appellate courts against adjudicating such claims on direct appeal because, "in the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 814–815. "Where the alleged derelictions primarily are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record." *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Elsewhere, Judge Baird has admonished appellate counsel to refrain even from raising ineffective-counsel claims on direct review because the factual record necessarily to establish such claims "is generally best developed in the context of a hearing held in relation to an application for writ of habeas corpus." *Jackson v. State,* 877 S.W.2d 768, 772–773 (Tex. Crim. App. 1994) (Baird, J., concurring).

Numerous other CCA cases have reached the same conclusion. *See, e.g., Lopez v. State,* 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("[C]laims of ineffective assistance . . . are more appropriately urged in . . . habeas corpus [because] . . . [o]n direct appeal, the record is usually inadequately developed. . .); *Mitchell v. State*, 68

S.W.3d 640, 642 (Tex. Crim. App. 2002) ("A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims."); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[L]ike the majority of cases, 'the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." [Citation omitted]; *Bones v. State*, 77 S.W. 3d 828, 835 (Tex. Crim. App. 2002) (citing *Jackson* language); *Ex parte Varelas*, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001) ("[i]n most cases, the record on direct appeal is 'inadequate to develop an ineffective assistance claim' because 'the very ineffectiveness claimed may prevent the record from containing the information necessary to substantiate such a claim'") (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App.1997); *Ex parte White*, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004) (same).

Moreover, when the CCA dismisses ineffective-counsel claims on appeal, it does so without prejudice to appellant's raising the question again in a post-conviction habeas corpus proceeding. "Unlike other claims rejected on direct appeal, claims of ineffective assistance of counsel rejected due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus." *Lopez,* 343 S.W.3d at 143. See also *Rylander*, 101 S.W.3d at 111 n.1 (Tex. Crim. App. 2003) (noting that the court was not "deciding on this direct appeal whether

appellant did or did not receive effective assistance of counsel ... [and that] Appellant may still submit his ineffective assistance of counsel claim for review on the merits in an application for writ of habeas corpus")

It is theoretically possible, of course, to develop a sufficient record for the adjudication of ineffective-counsel claims on direct appeal through a motion-for-new-trial hearing. But motions for new trial must be filed within 30 days after the imposition of sentence, presented within 10 days after filing, and decided within 75 days of sentence. TEX. R. APP. PROC. 21. And because a transcription of the trial record is almost never available within these time limits, during which the appellant is usually still represented by trial counsel, "a writ of habeas corpus is [as a practical matter] essential to gathering the facts necessary to adequately evaluate the claims." *Ex parte Torres,* 943 S.W.2d at 475. Thus, in *Robinson v. State*, the CCA expressly found that new-trial proceedings were not effectively available to the appellant as a means of presenting his ineffective-assistance claim because "[t]he time requirements for filing and presenting a motion for new trial would have made it virtually impossible for appellate counsel . . . [and because] it would be absurd to require trial counsel to litigate his own ineffectiveness in a motion for new trial in order to preserve the claim for appeal." 16 S.W.3d 808, 811 (Tex. Crim. App. 2000).

Habeas corpus proceedings, on the other hand, are available under Texas law

precisely for the adjudication of claims requiring proof of facts outside the trial record. Claims which are cognizable on direct appeal may not be raised in a Texas habeas corpus action. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). In fact, death penalty cases require the appointment of different counsel for state habeas proceedings than for appeal, and habeas counsel is directed to "investigate expeditiously, before and after the appellate record is filed in the court of criminal appeals, the factual and legal grounds for the filing of an application for a writ of habeas corpus" and is provided funding for that purpose. *See* TEX. CODE CRIM. PROC. art. 11.071 § 3. There can be no doubt, therefore, even under the statute law of Texas that, at least in the context of capital cases, habeas corpus is the preferred, and effectively the exclusive, method for raising ineffective-counsel claims which require the proof of facts.

Likewise, the State Bar of Texas Task Force on Habeas Counsel Training and Qualification—comprised of criminal appeals judges, trial judges, experienced defense counsel, and counsel from the Attorney General's office, all members of the bar with special expertise in this area, has also concluded that under Texas law state habeas proceedings are the exclusive process for vindicating the right to ineffective assistance of counsel claims. TASK FORCE REPORT, Apr. 27, 2007 (available at http: //www. aclutx. org/ files/ SBOT%20Task% 20Force% 20Final% 20Report%

20Signed.pdf).

In spite of these settled Texas precedents, and without any *post-Martinez* briefing, the panel in this case held that *Martinez* simply does not apply to Gates' defaulted ineffective-counsel claims because "a [Texas] capital defendant can raise an ineffective assistance of trial counsel claim on direct review to the Court of Criminal Appeals." Slip Op. at 11. In support of this proposition, the panel cited but a single Texas case, where the CCA rejected a record-based claim that trial counsel had failed to request a jury charge. *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992). In similar fashion, a divided panel of this court, following the same reasoning, held that "Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings and they do not by law deprive Texas defendants of counsel and court-driven guidance in pursuing ineffectiveness claims." *Ibarra v. Thaler*, ___ F.3rd. ___, 2012 WL 2620520 (5th Cir. June 28, 2012).

But, in an earlier Fifth Circuit decision addressing *Martinez*, this Court concluded that "[w]hen a state, like Louisiana, requires that a petitioner raise an ineffective assistance of counsel claim on collateral review," he may establish cause for a procedural default pursuant to *Martinez*. *Lindsey v. Cain*, 2012 WL 1366040, at *1 (5th Cir. Apr. 19, 2012). And as Judge Graves noted, dissenting in *Ibarra*, a

review of Louisiana law shows that its handling of ineffective-counsel claims is materially indistinguishable from the approach taken by Texas. *Ibarra*, 2012 WL 2620520 at *8 (Graves, J., dissenting).

Evidently, the Ninth Circuit is of the same view as Judge Graves. Thus, even though, as in Texas, Oregon imposes no absolute bar to raising ineffective-assistance claims on direct appeal, it does foreclose appellate consideration of such claims when they rely on facts outside the record. *State v. Robinson*, 550 P.2d 758 (Or. App.1976) ("Appellant contends on appeal that his trial counsel was incompetent. This issue, except in rare instances, is one which can be properly resolved only in a postconviction proceeding in which evidence can be taken. See *Turner v. Cupp*, 1 Or. App. 596, 465 P.2d 249 (1970).") The Ninth Circuit nonetheless held that *Martinez* applied to Oregon petitioners in federal habeas proceedings. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012).

As in other jurisdictions, the truth in Texas is that, when ineffective-counsel claims can be resolved on the appellate record alone, the CCA does not hesitate to do so. But these cases are uncommon for the reasons consistently elaborated by the CCA in its published opinions. The usual position of the Court has been to decline consideration on the merits because further factual development of the record is almost always necessary to resolve them. When that is the case, the CCA uniformly

dismisses the points of error for which further evidence must be heard without prejudice to the appellant's raising the matter again in a post-conviction habeas corpus application, where evidence on the question may be heard.

Determining whether a claim of counsel-ineffectiveness must be supported by extra-record evidence is largely objective. Unless there are no conceivable circumstances in which the performance of trial counsel could reasonably to said to have resulted from a legitimate tactical or strategic decision, trial attorneys will not be found ineffective by the CCA without some proof, typically including their own testimony, about how and why those decisions were reached. Here, there is no question but that the claims of ineffective-counsel raised by Gates in his federal habeas petition would not have been addressed by the CCA on direct appeal unless his appellate attorney had fully developed the evidentiary basis for them in a motion for new trial, something which it is practically impossible to do under the Texas Rules of Appellate Procedure.

Claimants, like Bill Gates, are therefore in exactly the same position under *Martinez* as was the petitioner in that case. Had Gates attempted to raise on direct appeal of his capital murder conviction and sentence of death the ineffective-counsel claims which were later raised on his behalf in federal court, they would have been dismissed by the CCA as not cognizable on direct appeal because requiring the

development of further evidence for their resolution.  The fact that some other types of ineffective-counsel claims in Texas would not have been dismissed on direct appeal is of no help to Gates, because his ineffective-assistance claims are not of that type.

The holding in *Martinez* was meant to protect persons, not to overcome state laws.  The critical question is not whether Texas habeas corpus law is identical, or even similar, to that of Arizona.  Rather, it is whether Texas law has created a class of habeas applicants who, like Martinez, are foreclosed by law from presenting certain ineffective-counsel claims on direct appeal.  It is those applicants who are empowered by the holding in *Martinez* to obtain federal review of their claims, forfeited under state law by the ineffectiveness of counsel appointed by the state to represent them in the only proceeding available to vindicate the violation of their Sixth Amendment right to the effective assistance of counsel at trial.

It would, therefore, be an absurd reading of the Supreme Court's opinion to hold that it was available to Martinez, but not to Gates.  If either of them had a good excuse for not exhausting his federal claims in the state courts where he was convicted, they both did, and for the same reason.  Their claims were forfeited in state court because their court-appointed habeas counsel failed, through the equivalent of constitutional ineffectiveness, to raise those claims in the only state court proceeding

actually available to them for that purpose. To suggest that such applicants may not raise the ineffectiveness of habeas counsel as a cause overcoming state procedural default, just because other habeas applicants in Texas are permitted to raise their ineffectiveness claims on direct appeal, disconnects the holding in *Martinez* from its rationale. It is clearly not what the Supreme Court intended.

## CONCLUSION

For the foregoing reasons, Petitioner-Appellant requests that this Court grant rehearing en banc, reconsider his application for certificate of appealability, reverse the judgement of the district court and remand the cause with instructions that Appellant-Petitioner be released unless the State of Texas conducts a new trial or, if appropriate, a new punishment hearing, or, in the alternative, that the cause be remanded to the district court for further necessary proceedings.

s/ Robin Norris
ROBIN NORRIS
Texas Bar No. 15096200
2408 Fir Street
El Paso, Texas 79925
(915) 329-4860
robinnorris@sbcglobal.net

ATTORNEY FOR APPELLANT

# CERTIFICATE OF SERVICE

I hereby certify that two copies of the foregoing Petition for Rehearing en Banc

was mailed to each of the following persons on July 16, 2012,

Attorney General of Texas
Post-Conviction Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 320-8132  Fax


s/ Robin Norris
ROBIN NORRIS

# APPENDIX