

# SUPREME COURT
## OF THE UNITED STATES

No. 11-10189     **\*\*\* CAPITAL CASE \*\*\***
Title:

Carlos Trevino, Petitioner

v.

Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division

Docketed:     May 7, 2012
Lower Ct:     United States Court of Appeals for the Fifth Circuit
  Case Nos.:     (10-70004)
  Decision Date:     November 14, 2011
  Rehearing
Denied:     January 31, 2012
**Questions
Presented**

~~~Date~~~ ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~~~

| | |
|---|---|
| Apr 30 2012 | Petition for a writ of certiorari and motion for leave to proceed in forma pauperis filed. (Response due June 6, 2012) |
| Jun 5 2012 | Order extending time to file response to petition to and including August 6, 2012. |
| Jun 6 2012 | Brief amici curiae of Former Federal Judges filed. |
| Aug 6 2012 | Brief of respondent Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division in opposition filed. |
| Aug 16 2012 | DISTRIBUTED for Conference of September 24, 2012. |
| Aug 30 2012 | DISTRIBUTED for Conference of September 24, 2012. |
| Sep 1 2012 | Reply of petitioner Carlos Trevino filed. (Distributed) |
| Oct 11 2012 | DISTRIBUTED for Conference of October 26, 2012. |
| Oct 29 2012 | Motion to proceed in forma pauperis and petition for a writ of certiorari GRANTED limited to Question 1 presented by the petition. |

| ~~Name~~~~~~~~~~~~~~~~~~~ | ~~~~~~~Address~~~~~~~~~~~~~~~~~ | ~~Phone~~~ |
|---|---|---|
| **Attorneys for Petitioner:** | | |
| Warren Alan Wolf | 115 E. Travis Street | (210) 225-0055 |
| | Suite 746 | |
| | San Antonio, TX  78205-0000 | |
| | wwolf711@aol.com | |
| Party name: Carlos Trevino | | |

**Attorneys for Respondent:**

| | | |
|---|---|---|
| Fredericka Sargent | Assistant Attorney General | (512) 936-1400 |
| Counsel of Record | Post Office Box 12548 | |
| | Capitol Station | |
| | Austin, TX  78701 | |

Party name: Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division

**Other:**

| | | |
|---|---|---|
| Lawrence D. Rosenberg | Jones Day | (202) 879-3939 |
| | 51 Louisiana Avenue, NW | |
| | Washington, DC  20001 | |
| | ldrosenberg@jonesday.com | |

Party name: Former Federal Judges

**11-10189 TREVINO V. THALER**

DECISION BELOW: 449 Fed.Appx. 415

LOWER COURT CASE NUMBER: 10-70004

QUESTION PRESENTED:

1. In federal habeas proceedings, undersigned counsel raised for the first time a claim under *Wiggins v. Smith*, 539 U.S. 510 (2003), that trial counsel were ineffective for failing to investigate the extraordinary mitigating evidence in Mr. Trevino's life. The federal proceeding was stayed to allow exhaustion, but the Texas Court of Criminal Appeals dismissed Mr. Trevino's *Wiggins* claim under state abuse of the writ rules. Thereafter, the federal district court dismissed the claim as procedurally barred, finding no cause for the default. On appeal, Mr. Trevino argued that the Court of Appeals should stay further proceedings until this Court resolved the question then-pending in several cases whether ineffective assistance of state habeas counsel in failing to raise a meritorious claim of ineffective assistance of trial counsel established cause for the default in state habeas proceedings. The Court of Appeals refused to stay Mr. Trevino's appeal for this purpose. Four months later, this Court decided in *Martinez v. Ryan*, 132 S.Ct. 1309 (March 20, 2012), that ineffective assistance of state habeas counsel in the very circumstance presented by Mr. Trevino's case could establish cause for the default of a claim of ineffective assistance of trial counsel. These circumstances present the following question:

Whether the Court should grant certiorari, vacate the Court of Appeals opinion, and remand to the Court of Appeals for consideration of Mr. Trevino's argument under *Martinez v. Ryan*?

2. Mr. Trevino raised a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the trial prosecutor suppressed a statement to the police by a codefendant to the effect that Trevino did not commit the capital murder. To rule against this claim, the panel majority in the Court of Appeals-without notice to Mr. Trevino or his counsel-conducted its own investigation of the separate trial court record of this codefendant, found a subsequent statement by him contradicting his exculpatory statement, took judicial notice of the statement and used it as the basis for affirming the district court's denial of Mr. Trevino's *Brady* claim. The panel majority acknowledged the lack of notice to Trevino, but said that he could be heard by petition for rehearing. Trevino presented arguments on rehearing and on rehearing en banc, but both were summarily denied. These circumstances present the following question:

Whether the Court of Appeals' denial of notice and an opportunity to be heard on a matter that is determinative of a meritorious *Brady* issue requires the Court's exercise of its supervisory powers to assure that Mr. Trevino is afforded a fair opportunity to be heard on appeal?

GRANTED LIMITED TO QUESTION 1 PRESENTED BY THE PETITION.
CERT. GRANTED 10/29/2012